**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sprint Communications Company, L.P., | No. CV-08-1256-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Southwest Pipeline Contractors, Inc., | |
| Defendant. | |

Pending before the Court is the Motion for Judgment on the Pleadings of Defendant Southwest Pipeline Contractors. (Dkt. ## 22, 23.) For the reasons set forth below, the Court denies the Motion.[1]

In its Complaint, Plaintiff Sprint Communications Company alleges that, on July 31, 2006, Defendant was "excavating with mechanized equipment . . . at Hunt Highway and Franklin Road in the city of Florence, Arizona." (Dkt. # 1 ¶ 9.) Plaintiff alleges that during the excavation, "without Sprint's knowledge or consent and against Sprint's will, Southwest damaged Sprint's fiber optic cable and related facilities." (*Id.* ¶ 11.)

---

[1] Defendant has requested oral argument. (Dkt. # 22 at 1.) The request is denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991) (finding denial of a hearing not unfairly prejudicial where the party "had the opportunity to apprise the district court of any arguments it believed supported its position" by filing a memorandum of law and evidence).

On July 2, 2008, Plaintiff filed suit against Defendant, alleging, among other things, that pursuant to Arizona Revised Statutes sections 40-360.26(A) and 40-360.28, Defendant is strictly liable for a civil penalty, the total cost of the repair of the cable, and all damages incurred by Plaintiff as a result of the damage to the cable. (*Id.* ¶¶ 18-21.) Defendant now moves for partial judgment on the pleadings,[2] arguing that judgment should be entered against Plaintiff on the strict liability claim because it is barred by Arizona's statute of limitations. (Dkt. # 22.)

"Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true and construed in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005); *see also Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in the plaintiff's complaint and treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). Because compliance with the applicable statute of limitations is not a pleading requirement under Federal Rule of Civil Procedure 8, *see Wyatt v. Terhune*, 315 F.3d 1108, 1117-18 (9th Cir. 2003), dismissal on such grounds is not justified "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quotation omitted).

In considering a motion for judgment on the pleadings, the Court does not consider evidence outside the pleadings unless it treats the motion as a motion for summary judgment pursuant to Federal Rule Civil Procedure 56. Fed. R. Civ. P. 12(d). In such a case, the Court must give the parties an opportunity to present all material pertinent to such a motion. *Id.*

---

[2]Defendant's Motion for Judgment on the Pleadings was filed under Arizona Rule of Civil Procedure 12(c). (Dkt. # 22 at 2.) Because the Federal Rules of Civil Procedure apply, *see Hanna v. Plumer*, 380 U.S. 460, 471 (1965), the Court will construe Defendant's Motion under Federal Rule of Civil Procedure 12(c).

Here, Defendant argues that because Plaintiff's strict liability claim is statutory in nature, it is subject to the one-year statute of limitations set forth in Arizona Revised Statutes section 12-541(5). (Dkt. # 22 at 3-5.) Consequently, Defendant contends that the claim "fails because . . . the Complaint was not filed within one year of the alleged damage." (*Id.* at 3.) Even assuming that the one-year statute of limitations does apply,[3] however, Defendant is not entitled to judgment on the pleadings.

Arizona Revised Statutes section 12-541(5) states:

> There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions:
>
> . . .
>
> 5. Upon a liability created by statute, other than a penalty or forfeiture.

Defendant asserts that Plaintiff only had one year *from the date on which the alleged damage to its fiber optic cable took place* to file its strict liability claim. Section 12-541, however, states that the limitations period commences *when the cause of action accrues*. In Arizona, "[u]nder the 'discovery rule,' a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995). While a plaintiff need not know all the facts underlying a cause of action to trigger accrual, the plaintiff must at least possess the minimum requisite knowledge sufficient to identify that a wrong occurred and who caused the injury. *See Lawhon v. L.B.J. Institutional Supply, Inc.*, 159 Ariz. 179, 183, 765 P.2d 1003, 1007 (Ct. App. 1988) ("[I]t becomes apparent that a cause of action 'accrues' when the plaintiff discovers or by the

---

[3] The majority of the parties' briefs focus on whether the one-year statute of limitations applies to Plaintiff's strict liability claim. Specifically, the parties dispute whether Plaintiff's strict liability claim was "created by statute" and whether the claim is excluded from the scope of Arizona Revised Statute section 12-541(5) because the relevant statute provides for a civil penalty. Because Defendant's Motion is denied on other grounds, however, the Court declines to resolve these arguments.

exercise of reasonable diligence should have discovered that he or she has been injured by a *particular* defendant's negligent conduct. The cause of action does not accrue until the plaintiff knows or should have known of both the *what* and *who* elements of causation."). Therefore, under the discovery rule, the determination of when a claim accrues is a question of fact. *Dube v. Likins*, 216 Ariz. 406, 412, 167 P.3d 93, 99 (Ct. App. 2007) (citing *Doe v. Roe*, 191 Ariz. 313, 323, 955 P.2d 951, 961 (Ct. App. 1998)).

Here, the Complaint alleges that damage occurred to Plaintiff's fiber optic cable on July 31, 2006. The action was not filed until July 2, 2008. However, based on the allegations of the Complaint, there are no facts which indicate when Plaintiff discovered that Defendant was responsible for severing the fiber optic cable. Likewise, the Court cannot determine when Plaintiff should have known the facts underlying its strict liability claim. Absent such specific findings, the Court cannot grant judgment on the pleadings. *See, e.g.*, *Republic Nat. Bank of New York v. Pima County*, 200 Ariz. 199, 205, 25 P.3d 1, 7 (Ct. App. 2001) (holding that the court could not affirm dismissal on statute of limitations grounds because it could not be determined from the face of the complaint when the plaintiff knew or should have known of the cause of action); *Vega v. Morris*, 183 Ariz. 526, 531, 905 P.2d 535, 540 (Ct. App. 1995) (reversing dismissal on statute of limitations grounds because the complaint did not disclose when the cause of action was or should have been discovered); *Zuck v. Arizona*, 159 Ariz. 37, 41, 764 P.2d 772, 776 (Ct. App. 1988) (same).

In its motion, Defendant alternatively argues that "[e]ven if the bar [is] not reflected on the face of the complaint . . . judgment would still be appropriate" by converting the motion to one for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. # 22 at 3.) While Rule 12(d) explicitly permits the Court to treat the motion as one for summary judgment if matters outside the pleadings are presented, neither party has presented any evidence outside the pleadings which would allow the Court to treat the motion as one for summary judgment.

/ / /

/ / /

<3

1 **IT IS THEREFORE ORDERED** that the Motion for Judgment on the Pleadings of Defendant Southwest Pipeline Contractors (Dkt. ## 22, 23) is **DENIED**.

DATED this 6th day of May, 2009.

_____
G. Murray Snow
United States District Judge

<3